UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JODIE LYNN STONE DALY,
an individual,

      Plaintiff,

v.

BYL COLLECTION SERVICES, LLC and
CARDIO NET, LLC,
 foreign entities,

      Defendant.
_____/

Case No.:

## COMPLAINT

Plaintiff, JODIE LYNN STONE DALY (hereinafter, "Plaintiff"), alleges the following Complaint against Defendants, BYL COLLECTION SERVICES, LLC (hereinafter, "BYL") and CARDIO NET, LLC (hereinafter, "CARDIO NET") (hereinafter collectively, "Defendants").

## PRELIMINARY STATEMENT

1.    This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA") and the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq.* ("FDCPA")  wherein Defendants unlawfully attempt to collect a consumer debt from Plaintiff via collection letters despite having actual knowledge that Plaintiff was represented by counsel with respect to the consumer debt and Plaintiff did not owe this debt.

## JURISDICTION, PARTIES, AND VENUE

2.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the FDCPA claim and should exercise supplemental jurisdiction over the state FCCPA claims pursuant

to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

4. At all material times herein, the conduct of Defendant, complained of below, occurs in Hillsborough County, Florida.

5. At all material times herein, Plaintiff is an individual residing in Hillsborough County, Florida.

6. At all material times herein, Defendants are a foreign entity that, themselves and through their subsidiaries, regularly collect debts from consumers in Hillsborough County, Florida.

7. At all material times herein, Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

8. At all material times herein, Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FCCPA AND FDCPA STATUTORY STRUCTURE

9. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C., §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

10. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts," or who "regularly collects or attempts to collect, directly or indirectly, debts owed or due

or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

11. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt *directly or indirectly* to any person *through any medium*." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

## GENERAL ALLEGATIONS

12. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

13. At all material times herein, Defendants are a "creditor" as defined by Florida Statutes, Section 559.55(5).

14. At all material times herein, BYL is a "debt collector" as defined by the FDCPA.

15. At all material times herein, Defendants attempt to collect a consumer debt, including but not limited to, a personal medical device balance allegedly owed by Plaintiff. (hereinafter, the "Debt").

16. At all material times herein, the Debt is a consumer debt, an obligation resulting from transactions for goods or services incurred primarily for personal, household, or family use.

17. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

18. At all material times herein, Defendants' conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

19. At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

20. Plaintiff retained undersigned counsel for purposes of this matter, and Plaintiff is obligated to pay her attorneys a reasonable fee and reimburse her attorneys for reasonable costs expended in this action.

21. All necessary conditions precedent to the filing of this action occurred or Defendants waived the same.

## FACTUAL ALLEGATIONS

22. In or around November 4, 2019, Plaintiff retained the law firm of Christie D. Arkovich, P.A. in order to file a Chapter 7 Bankruptcy.

23. On or about November 7, 2019, Defendant was notified, via the Certificate of Notice, of Plaintiff's Chapter 7 bankruptcy.  A true and correct copy of the Certificate of Notice is attached as **Exhibit A**.

24. Further, Plaintiff's Chapter 7 bankruptcy was discharged on February 10, 2020.  A true and correct copy of the Discharge is attached as **Exhibit B**.

25. Despite this, on July 15, 2020, BYL mailed directly to Plaintiff a collection letter in attempts to collect the Debt.  A true and correct copy of the Collection Letter is attached as **Exhibit C.**

26. Defendants' conduct caused Plaintiff to suffer injuries in fact through significant anxiety, emotional distress, frustration, and anger.  Specifically, Plaintiff thought she had ridden herself of this Debt, yet she was still receiving collection attempts.

27. Florida Statutes, Section 559.77, provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

28. The FDCPA provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

### COUNT ONE:
### UNLAWFUL DEBT COLLECTION PRACTICES –
### VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(9)

Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) as if fully restated herein and further states as follows:

29. Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(9) by attempting to collect a debt that they knew was not legitimate.

30. Specifically, as noted above, Plaintiff received a Discharge of her Debt in February 10, 2020; yet, Defendants' sent a collection letter to Plaintiff on July 15, 2020 in attempts to collect the debt.

31. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICES –
### VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(18)

Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) as if fully restated herein and further states as follows:

32. Defendants are subject to, and violated the provisions of, Florida Statutes, Section 559.72(18) by communicating directly with a debtor if the person knows that the debtor is

represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

33. Specifically, as noted above, Cardio Net was notified by the Certificate of Notice that Plaintiff was represented by the law firm of Christie D. Arkovich, P.A., yet Cardio Net still retained BYL to continue to attempt to collect the Debt directly from Plaintiff.

34. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e, 1692e(2)(A), and 1692c(a)(2)

Plaintiff re-allege paragraphs one (1) through twenty-eight (28) as if fully restated herein and further state as follows:

35. Defendant is subject to, and violated the provisions of, United States Code, Section 1692e and 1692e(2)(A) by attempting to collect a debt that is not owed, and 1692c(a)(2) by communicating directly with a debtor if the debt collector knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

36. Specifically, as noted above, Defendant was notified by the Certificate of Notice that Plaintiff was represented by the law firm of Christie D. Arkovich, P.A., and the debt was discharged on February 10, 2020, yet Defendants still continued to attempt to collect the Debt directly from Plaintiff.

37. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by United States Code, Section 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Defendants declaring that Defendant violated the FCCPA;

    b.    Judgment against Defendants for maximum statutory damages for violations of the FCCPA;

    c.    Judgment against BYL declaring that Defendant violated the FDCPA;

    d.    Judgment against BYL for maximum statutory damages for violations of the FDCPA;

    e.    Actual damages;

    f.    An award of attorneys' fees and costs; and

    g.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD, P.A.**

/s/ *Jon P. Dubbeld*
**Jon P. Dubbeld, Esq., FBN 105869**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Aaron M. Swift, Esq., FBN 0093088**
Swift, Isringhaus & Dubbeld, P.A.

-8-

        10460 Roosevelt Blvd. N.
        Suite 313
        St. Petersburg, FL 33716
        Phone: (727) 755-3676
        Fax: (727) 255-5332
        jdubbeld@swift-law.com
        aswift@swift-law.com
        jisringhaus@swift-law.com
        *Attorneys for Plaintiff*